■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR LYNCH, Appellant.—Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Orange County (Patsalos, J.), imposed November 21, 1985, upon his conviction of criminal possession of a controlled substance in the second degree, upon his plea of guilty, the sentence being an indeterminate term of four years to life imprisonment.

Ordered that the sentence is affirmed.

At the change of plea proceeding, the court promised the defendant that it would impose a sentence of four years to life imprisonment but that if the Probation Department report was favorable, the sentence would be reduced to three years to life. Contrary to the defendant's contention, the record indicates that at sentencing, the court sufficiently indicated why it had found the Probation Department report to be unfavorable. We find no basis for disturbing the court's imposition of the promised sentence of four years to life. Thompson, J. P., Lawrence, Rubin, Kunzeman and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MAY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered November 28, 1984, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the record reveals that his sentence—the statutory minimum—cannot be characterized as unduly harsh or excessive. We further note that the sentence imposed was that which was promised when the plea was accepted (see, People v Kazepis, 101 AD2d 816). Mangano, J. P., Bracken, Niehoff, Kooper and Spatt, JJ., concur.